**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION**

**TYRONE WILKINS**
             **Plaintiff,**

**vs.**                                                            **3:09cv61/RV/MD**

**DR. MONASTERO,**
**PRISON HEALTH CARE SERVICES, INC.,**
              **Defendants.**

---

## REPORT AND RECOMMENDATION

        This case is before the court on the motion to dismiss filed by defendants Dr.
Monastero and Prison Health Care Services, Inc., on May 17, 2010.  (Doc. 42).
Plaintiff has not responded to the motion, despite having been directed to do so.
(Doc. 46).

## FACTUAL AND PROCEDURAL BACKGROUND

        Plaintiff previously filed case 3:07cv60/RV/MD, in which he sued Baptist Health
Care and Dr. Monestero about actions complained of in the instant action.  In that
case, the court ordered that plaintiff's second amended complaint be served upon
the two defendants.  (Case 3:07cv60/RV/MD, doc. 27, 30).  Summary judgment was
granted as to plaintiff's claims against Baptist Health Care (case 3:07cv60/RV/MD,
doc. 44, 45), and plaintiff's claims against Dr. Monastero were dismissed without
prejudice on January 6, 2009 due to his failure to provide a valid address for service
on that defendant and for his failure to keep this court apprised of his current
address.  (*Id.* doc. 50, 51).

Plaintiff filed the instant case against Dr. Monestero and Prison Health Care Services on February 17, 2009. The allegations of the complaint are substantially similar to the previously filed allegations. In his complaint, plaintiff claims he was denied constitutionally adequate medical care during his confinement as a pre-trial detainee at the Escambia County Jail in February of 2005. Plaintiff alleges that on February 11, 2005 he fell onto a table during an altercation between two other inmates. As a result of the fall, plaintiff severely lacerated his left index finger to the extent that the tendons were exposed. Plaintiff was escorted to the medical department where he was examined by Dr. Monestero. Dr. Monestero diagnosed plaintiff as having tendon damage and severe trauma to his finger. Plaintiff asked that he be treated at an outside hospital; however, Dr. Monestero denied plaintiff's request stating, that he had been called up to fix the plaintiff's finger. Plaintiff states that he was uncomfortable being treated by Dr. Monestero because the doctor's breath smelled of alcohol. Plaintiff asked Dr. Monestero several times why he could not be escorted to an outside hospital. Dr. Monestero responded that it was against procedures and policy. The doctor then injected plaintiff's finger with anesthesia and sutured the laceration, making no attempt to repair the damaged tendons. Plaintiff alleges that immediately after the procedure, two medical assistants who were present told plaintiff that the doctor had done a very poor job for such a serious injury. Plaintiff indicates that he was given some form of pain medication that did not alleviate the pain he felt after the anesthesia wore off.

Plaintiff reports that after the incident he immediately filed a pre-trial detainee grievance concerning the inadequate medical treatment he had received and advising that he was concerned about permanent damage. Over a month later, on March 18, 2005, plaintiff was taken to an appointment at an outside hospital. Although he does not explain the treatment he received there, he claims that the delay caused him needless pain and permanent damage to his finger. Plaintiff asserts that the sole cause for the delay was a policy that focused on "cost saving"

rather than the health and well being of patients such as the plaintiff. Plaintiff seeks compensatory and punitive damages against each defendant in its individual and official capacities.

Defendants have now moved to dismiss, claiming that the complaint is barred by the applicable statute of limitations. As noted above, plaintiff has not responded in opposition to this motion.

## LEGAL ANALYSIS

### Motion to Dismiss Standard

In ruling on a motion to dismiss, plaintiff's well-pled allegations are accepted as true and construed in the light most favorable to him. *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1260 (11th Cir. 2009); *Oxford Asset Managment Ltd. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002); *Davis v. Monroe County Bd. Of Educ.*, 120 F.3d 1390, 1393 (11th Cir. 1997). Nonetheless, conclusory allegations, unwarranted deductions of fact, or legal conclusions masquerading as facts will not insulate a complaint from dismissal. *Ashcroft v. Iqbal,* 556 U.S. ___, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009); *Oxford Asset Managment Ltd. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002); *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252 (11th Cir. 2009). The complaint may be dismissed if the facts as pleaded do not state a claim to relief that is plausible on its face. *See Iqbal,* 129 S.Ct. at 1950; *Bell Atl. Corp. v. Twombly*, 127 S.Ct. 1955, 1968-1969, 1974 (2007) (retiring the "unless it appears beyond doubt that the plaintiff can prove no set of facts" standard). A complaint is also subject to dismissal under Rule 12(b)(6) when its allegations--on their face--show that an affirmative defense bars recovery on the claim. *LeFrere v.* Quezada, 582 F.3d 1260, 1263 (11th Cir. 2009); *Marsh v. Butler County, Ala.*, 268 F.3d 1014, 1022 (11th Cir. 2001).

### Analysis

Federal courts apply their forum state's statute of limitations for personal injury actions to actions brought pursuant to 42 U.S.C. § 1983. *Wallace v. Kato*, 127 S.Ct. 1091, 1094 (2007); *Owens v. Okure*, 488 U.S. 235, 109 S.Ct. 573, 102 L.Ed.2d 594 (1989); *Wilson v. Garcia*, 471 U.S. 261, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985). Federal law determines when the statute of limitations begins to run. *Kato*, 127 S.Ct. at 1095; *Lovett v. Ray*, 327 F.3d 1181, 1182 (11th Cir. 2003)(citing *Rozar v. Mullis*, 85 F.3d 556, 561 (11th Cir. 1996)). Generally, "the statute of limitations does not begin to run until the facts that would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights." *Porter v. Ray,* 461 F.3d 1315, 1323 (11th Cir. 2006) (quoting *Lovett*, 327 F.3d at 1182); see also *Rozar,* 85 F.3d at 556, 561-62. The statute of limitations for personal injury and negligence actions in Florida is four years, and hence the statute of limitations for a claim brought in Florida pursuant to 42 U.S.C. §§ 1981 or 1983 is four years. *See Owens v. Okure*, 488 U.S. 235, 109 S.Ct. 573, 102 L.Ed.2d 594 (1989); Fla. Stat. § 95.11(3)(a) and (p); *City of Hialeah v. Rojas*, 311 F.3d 1096, 1102 n. 2 (11th Cir. 2002)); *Baker v. Gulf & Western Industries*, 850 F.2d 1480 (11th Cir. 1988).

Section 95.11(5)(g), Florida Statutes, effective July 1, 1996, provides for a one year statute of limitations for actions brought "by or on behalf of a prisoner . . . .relating to the conditions of the prisoner's confinement." This statute has been cited in only one reported case. In *Nicarry v. Eslinger*, 990 So.2d 661 (Fla. 5th DCA 2008), the court found that the prisoner's negligence action for exposure to toxic fumes as a result of welding done on a prison facility was governed by the one-year statute of limitations set forth in § 95.11(5)(g) rather than the four year statute of limitations governing negligence actions. 990 So.2d at 664. This court has previously concluded that the statute would not override the well-established four year statute of limitations. *Herring v. Department of Corrections*, 2006 WL 1883433 (N.D. Fla. 2006). Although Congress permits federal courts to borrow state limitations periods, neither Congress nor the Supreme Court has authorized states

to unilaterally create limitations periods specifically and exclusively applicable to section 1983 actions within a particular state. *See Arnold v. Duchesne County*, 26 F.3d 982, 988, 989 (10th Cir. 1994) (citing cases). A Virginia statute providing a one-year limitations period for § 1983 actions was repealed after four years after the Fourth Circuit held the one-year statute inapplicable to a § 1983 action, on the ground that it "disregard[ed] the constitutional values to be protected by [§ 1983] actions" and "unreasonabl[y] discriminat[ed]" against those actions. *Johnson v. Davis*, 582 F.2d 1316, 1317 (4th Cir. 1978); see *Burnett v. Grattan*, 468 U.S. 42, 47-48, 104 S.Ct. 2924, 2928, 82 L.Ed.2d 36 (1984) (holding that in selecting the appropriate state statute of limitations period the court must consider "the predominance of the federal interest: courts are to apply state law only if it is not 'inconsistent with the Constitution and laws of the United States.'") (citation omitted). Oregon had a statute which specifically referred to § 1983 actions, and although the Ninth Circuit held it applied to such actions, see *Nored v. Blehm*, 743 F.2d 1386 (9th Cir. 1984) (per curiam), the reference to § 1983 has since been removed from the statute. *See Arnold v. Duchesne County*, 26 F.3d at 988 n.5.

In this case, it is clear from the complaint that plaintiff's injury occurred on February 11, 2005 and he sought medical treatment from Dr. Monastero on that same date. He asserted in the complaint that at no time was he comfortable with the medical treatment that was administered by Dr. Monastero and that he did not give his consent to receive such inadequate treatment. (Doc. 11 at ¶ 19). He alleged that he was told by medical staff that Dr. Monastero had done a very poor job of suturing plaintiff's finger shortly after he was first treated. (Doc. 11 at ¶ 10). Even on the date of injury plaintiff repeatedly expressed his desire to be taken to a specialist due to the depth of the wound and the severity of the injury. (Doc. 11 at ¶¶5-7). He also reports that he "immediately" filed a grievance about the inadequate medical treatment he received. (Doc. 11 at ¶11). Clearly, then, there can be no doubt that plaintiff was aware of this cause of action on February 11, 2005.

Plaintiff attempted to assert the claims raised herein in case 3:07cv60/RV/MD, which was filed on February 5, 2007. He did not name Prison Health Services as a defendant in that action, and he failed to serve Dr. Monastero. His claims against Dr. Monastero were dismissed without prejudice and the case was closed on January 6, 2009. The initial complaint in the instant action was dated February 10, 2009, but was not filed with the court until February 17, 2009. Because plaintiff was not a prisoner at the time he filed the complaint, the prison mailbox rule[1] does not apply. Therefore, defendants are correct that plaintiff's complaint was filed 6 days after the expiration of the four year statute of limitations. Plaintiff has not responded in opposition to the motion to dismiss to argue that equitable tolling or any other legal provision could defeat the defendants' motion. Thus, the defendants' motion should be granted and this case should be dismissed with prejudice.

Accordingly, it is respectfully RECOMMENDED:

That defendants motion to dismiss (doc. 42) be GRANTED and this case be dismissed with prejudice.

At Pensacola, Florida this 16th day of July, 2010.

/s/ *Miles Davis*

**MILES DAVIS**
**UNITED STATES MAGISTRATE JUDGE**

---

[1]*Houston v. Lack,* 487 U.S. 266, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988) (holding that a pro se inmate's notice of appeal was filed as of the time he placed it in the prison mailbox, thus creating the "prison mailbox rule"); *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001) (absent evidence to the contrary, court assumes that a pro se petition is delivered to prison authorities for mailing the date it was signed); *Vanderberg v. Donaldson*, 259 F.3d 1321, 1325 n.4(11th Cir. 2001) (notices of appeal, section 1983 complaints, Federal Tort Claims Act complaints, and section 2255 motions to vacate are considered "filed" when a pro se prisoner delivers one of them to a prison official for mailing).

## NOTICE TO THE PARTIES

**Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy hereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control</u>.  A copy of any objections shall be served upon any other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).**